UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID A. WATTS and BARBARA I. WATTS, <br><br>          Plaintiffs, <br>     v. <br><br>JP MORGAN CHASE BANK, N.A, U.S. BANK NATIONAL ASSOCIATION, CALIFORNIA RECONVEYANCE CORPORATION and DOES 1-50, <br><br>          Defendants. | Case No.: 5:11-cv-02780-LHK <br><br> ORDER DENYING MOTION TO SEAL DOCUMENTS FILED WITH PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT |

Before the Court is the parties' motion to seal related to Plaintiffs' motion for partial summary judgment, both of which were filed on July 5, 2012.

Historically, courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978). Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point. *Foltz v. State Farm Mutual Auto. Insurance Company*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. *Id*. at 1135. That is, the party must "articulate[ ] compelling reasons supported by specific factual findings," *id*. (citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102-03 (9th

1  Cir.1999)), that outweigh the general history of access and the public policies favoring disclosure,
2  such as the " 'public interest in understanding the judicial process.' " *Hagestad*, 49 F.3d at 1434
3  (quoting *EEOC v. Erection Co.*, 900 F.2d 168, 170 (9th Cir. 1990)).

4      The Ninth Circuit has explained that the "strong presumption of access to judicial records
5  applies fully to dispositive pleadings, including motions for summary judgment and related
6  attachments" because "the resolution of a dispute on the merits, whether by trial or summary
7  judgment, is at the heart of the interest in ensuring the "public's understanding of the judicial
8  process and of significant public events." *Kamakana v. City and County of Honolulu*, 447 F.3d
9  1172, 1177 (9th Cir. 2006). The Ninth Circuit has also carved out an exception to the strong
10 presumption of openness for pre-trial, non-dispositive motions. The Ninth Circuit applies a "good
11 cause" showing to keep sealed records attached to non-dispositive motions. *Id.* at 1180. Thus the
12 Court applies a two tiered approach: "judicial records attached to dispositive motions [are treated]
13 differently from records attached to non-dispositive motions. Those who seek to maintain the
14 secrecy of documents attached to dispositive motions must meet the high threshold of showing that
15 'compelling reasons' support secrecy" while a showing of good cause will suffice at earlier stages
16 of litigation. *Id*.

17     As Judge Alsup explained in *Oracle America v. Google, Inc.*, 10-CV-03561-WHA, at ECF
18 No. 540, "The United States district court is a public institution, and the workings of litigation must
19 be open to public view. Pretrial submissions are a part of trial." Accordingly, Judge Alsup advised
20 counsel that "unless they identify a limited amount of exceptionally sensitive information that truly
21 deserves protection, the motions will be denied outright." *Id*.

22     The parties have requested to seal three documents because they are labeled "confidential."
23 Based on the Court's review of the documents, nothing in them meets the compelling reason
24 standard and thus deserves sealing. Accordingly, the motion to seal is DENIED with prejudice.

25 **IT IS SO ORDERED.**

26 Dated: August 22, 2012

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

2

Case No.: 11-CV-02780-LHK
ORDER DENYING MOTION TO SEAL