UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID A. WATTS and BARBARA I. WATTS,<br><br>       Plaintiffs,<br>   v.<br><br>JP MORGAN CHASE BANK, N.A. et al.,<br><br>       Defendants. | Case No.: 5:11-cv-02780-LHK<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT |

Plaintiffs David A. Watts and Barbara I. Watts ("Plaintiffs" or "the Wattses") bring this action seeking damages against JP Morgan Chase Bank, U.S. Bank National Association, and California Reconveyance Corporation ("Defendants") under the federal Equal Credit Opportunity Act (15 U.S.C. § 1691(d)) (hereafter "ECOA"), the California Fair Employment and Housing Act (California Government Code §12955 *et seq*.), and California Civil Code §§ 2923.5-6.  Plaintiffs allege that Defendants failed to give them written notice of reasons for denial of two separate applications to modify their mortgage under the Home Affordable Modification Program (HAMP), a program enacted pursuant to the Emergency Economic Stabilization Act of 2008, within thirty days of completion of the application, as required by the ECOA.  Additionally, Plaintiffs allege that

1

Defendants did not properly consider Plaintiffs' disability insurance income in evaluating Plaintiffs' eligibility for a HAMP loan modification, and did not explore alternatives to foreclosure as required by California Civil Code §§ 2923.5 and 2923.6.

Before the Court is Plaintiffs' motion for partial summary judgment on Plaintiffs' two ECOA claims that Defendants failed to give the required written notice of denial of their applications. ECF No. 62. Defendants did not oppose Plaintiffs' motion. Plaintiffs filed a reply on July 26, 2012. ECF No. 68. Plaintiffs have not moved for summary judgment on the state law claims.

Pursuant to Civil Local Rule 7-1(b), the Court deems Plaintiffs' motion suitable for decision without oral argument. The motion hearing set for August 23, 2012 is VACATED. However, the further case management conference on August 23, 2012 remains as set. Having considered the parties' submissions and arguments as well as the relevant law, the Court GRANTS Plaintiffs' motion for partial summary judgment.

## I.   BACKGROUND

In April 2004, Plaintiffs purchased their home, located at 16890 Cabernet Court in Morgan Hill, California, Declaration of David A. Watts ("David Watts Decl.") ¶2, and obtained a loan from Washington Mutual (Chase's predecessor in interest). *See* Plaintiffs' Request for Judicial Notice, Exh. 1.[1]  Mr. Watts, who suffers from numerous disabilities, was laid off from his employment in February, 2009. *See* David Watts Decl. at ¶4. He then began collecting state disability benefits, and the family struggled to make their monthly payments on the loan. *Id.* at ¶5. On October 21, 2009, the Wattses completed an application for a HAMP loan modification. Declaration of Annette D. Kirkham ("Kirkham Decl.") ¶2. By January 27, 2012, the Wattses had not received any notification of action on their application, and Mr. Watts telephoned to check the status. David

---

[1] With their motion, Plaintiffs filed a request for judicial notice. The Court takes judicial notice of Plaintiffs' April 2004 Deed of Trust. Under Federal Rule of Evidence 201, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The Deed of Trust is a public record, as it is filed with the Santa Clara County Clerk-Recorder."A trial court may presume that public records are authentic and trustworthy," *Gilbrook v. City of Westminster,* 177 F.3d 839, 858 (9th Cir.1999), and, thus, fall within the purview of Federal Rule of Evidence 201.

Watts Decl. ¶7. He was told that the Wattses did not qualify for the modification because they had too many assets, and that their application had been removed from the system on December 16, 2009. *Id.* at ¶8.

The Wattses then reapplied for the program, completing their application on March 29, 2010. Kirkham Decl. ¶3, Exh. C. They received a letter dated May 28, 2010, informing them that their application had been denied because Chase could not verify that the home on Cabernet Court was their primary residence. David Watts Decl. ¶9; Kirkham Decl. ¶5, Exh. D. In response, the Wattses provided additional documentation, David Watts Decl. ¶10; Kirkham Decl. ¶6, Exh. E, but Chase informed them that the application had been closed and that they would have to reapply, David Watts Decl. ¶12, which they did in August 2010. *Id.* On October 26, 2010, they received a letter from Chase denying their third application. Kirkham Decl. ¶7, Exh. F.

While they were attempting to secure the modification, the Wattses became unable to make their mortgage payments, missing their first payment in July, 2010. David Watts Decl. ¶11. On January 19, 2011, a notice of Default was recorded against the property. David Watts Decl. ¶19; Kirkham Decl. ¶10, Exh. I.

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(a), "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is "genuine" if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." *See id*. "[I]n ruling on a motion for summary judgment, the judge must view the evidence presented through the prism of the substantive evidentiary burden." *Id*. at 254. The question is "whether a jury could reasonably find either that the [moving party] proved his case by the quality and quantity of evidence required by the governing law or that he did not." *Id*. "[A]ll justifiable inferences must be drawn in [the nonmovant's] favor." *See United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1542 (9th Cir. 1989) (en banc) (citing *Liberty Lobby*, 477 U.S. at 255).

3

The moving party bears the initial responsibility for informing the district court of the basis for its motion and identifying those portions of the pleadings, depositions, interrogatory answers, admissions and affidavits, if any, that it contends demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of [that] party's pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *See* Fed. R. Civ. P. 56(e); *see also Liberty Lobby*, 477 U.S. at 250. The opposing party need not show the issue will be resolved conclusively in its favor. *See Liberty Lobby*, 477 U.S. at 248–49. All that is necessary is submission of sufficient evidence to create a material factual dispute, thereby requiring a jury or judge to resolve the parties' differing versions at trial. *See id.*

The moving party bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Id.* at 325; *accord Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). On an issue for which the opposing party will have the burden of proof at trial, the party moving for summary judgment need only point out "that there is an absence of evidence to support the nonmoving party's case." *Id.* Once the moving party meets its initial burden, the nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, "specific facts showing that there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. at 250.

### III.    DISCUSSION

The ECOA prohibits discrimination against an applicant for credit based on race, color, religion, national origin, sex or marital status, or age. *See* 15 U.S.C. § 1691(a). The ECOA creates a private right of action for actual, compensatory and punitive damages, equitable relief, and recovery of costs, and provides a two-year statute of limitations from the date of the violation. *Id.* § 1691e(a)-(f). A modification of an existing loan is an extension of credit for ECOA purposes. *See Estate of Davis v. Wells Fargo Bank*, 633 F.3d 529 (7th Cir. 2011).

In addition, the ECOA establishes procedural requirements that creditors must follow in notifying any applicant when action is taken on the credit application. *See* 15 U.S.C. § 1691(d). Under the ECOA, within thirty days of receiving a completed application for credit, a creditor must notify the applicant of its action on the application. 15 U.S.C. § 1691(d)(1). If "adverse action" is taken regarding an application for credit, a creditor must provide an applicant with a statement containing specific reasons for such action. 15 U.S.C. § 1691(d)(2). Under the statute, "[t]he term 'adverse action' means a denial or revocation of credit, a change in the terms of an existing credit arrangement, or a refusal to grant credit in substantially the amount or on substantially the terms requested." *Id*. at § 1691(d)(6).

It is undisputed that Chase denied both the first and second HAMP applications, that Chase did not respond to the first HAMP application until Mr. Watts telephoned them nearly three months after the application was completed, and that Chase did not provide a statement of reasons for its denial of the first application in writing. It is further undisputed that Chase's written rejection of the second application and accompanying statement of reasons came significantly later than 30 days after the completed application. Given these facts, no reasonable trier of fact could find that Defendants complied with the notice requirements of 15 U.S.C. §1691. Defendants have failed to set forth any facts that demonstrate the existence of a genuine issue for trial. Accordingly, Plaintiffs' motion for partial summary judgment is GRANTED.

## IV. CONCLUSION

For the reasons discussed above, the Court GRANTS Plaintiffs' motion for partial summary judgment. The hearing on the motion for partial summary judgment is VACATED. However, the further case management conference on August 23, 2012 remains as set.

**IT IS SO ORDERED.**

Dated: August 22, 2012

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

5
Case No.: 5:11-CV-02780-LHK
ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT